**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, <br><br> Defendants, <br><br> And <br><br> CHINA COMMERCIAL CREDIT, INC., <br><br> Nominal Defendant. | Case No. 1:15-cv-00806-ALC <br><br><br><br><br> **DECLARATION OF TIMOTHY BROWN IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED DERIVATIVE SETTLEMENT** |

I, Timothy Brown, declare as follows:

1.      I am the managing attorney at The Brown Law Firm, P.C., counsel for plaintiff Kiran Kodali in the above-captioned derivative action. I have personal knowledge of the facts stated below and, if called upon, would testify to the same.

2.      I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Derivative Settlement.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation of Settlement dated January 18, 2019 of the above-captioned shareholder derivative action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of January, 2019, at Oyster Bay, New York.

*/s/ Timothy Brown*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., | Case No. 1:15-cv-00806-ALC |
| Plaintiff, | |
| v. | |
| HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| Defendants, | |
| And | |
| CHINA COMMERCIAL CREDIT, INC., | |
| Nominal Defendant. | |

This Stipulation and Agreement of Settlement (the "Stipulation"), dated January 18, 2019, is made and entered into by and among the following Settling Parties (as defined herein), each by and through their respective counsel: (i) plaintiff to the above-captioned consolidated shareholder derivative action (the "Derivative Action"), Kiran Kodali ("Plaintiff"), derivatively on behalf of China Commercial Credit, Inc. ("CCCR" or the "Company"); (ii) nominal defendant CCCR; and (iii) defendants Long Yi, CCCR's Chief Financial Officer and a current member of CCCR's Board of Directors (the "Board") and John F. Levy, a former member of the Board, (collectively with CCCR, the "Settling Defendants").[1]  This Stipulation, subject to the approval of the United States

---

[1] Defendants Huichun Qin, Long Yi, Jianmin Yin, Jingen Ling, Xiangdong Xiao, John F. Levy, Xiaofang Shen, and Chunjiang Yu are collectively referred to herein as the "Individual Defendants."  The Individual Defendants and

District Court for the Southern District of New York (the "Court"), is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (as defined herein) and to result in the complete dismissal of the Derivative Action with prejudice, upon the terms and subject to the conditions set forth herein, and without any admission or concession as to the merits of any of the Settling Parties' claims or defenses.

## I.    INTRODUCTION

### A.  Factual Background

CCCR, a Delaware corporation with its principal executive offices in the People's Republic of China.  Plaintiff alleges in the Derivative Action that the Individual Defendants failed to maintain internal controls at the Company and made and/or caused the Company to make misrepresentations concerning CCCR's business, operations, and prospects in its press releases and filings with the U.S. Securities and Exchange Commission ("SEC").

### B.  Procedural Background

On February 3, 2015, Plaintiff filed the Derivative Action in this Court, captioned *Kodali v. Qin, et al.*, Case No. 1:15-cv-00806, against the Individual Defendants, asserting claims for breach of fiduciary duty, corporate waste, gross mismanagement, and unjust enrichment.

On April 17, 2015, Plaintiff filed an amended complaint against the Individual Defendants.

On May 20, 2015, this Court so ordered a stipulation staying the Derivative Action pending the dismissal with prejudice of, or an answer filed by any of the defendants in, the related federal securities fraud class action filed in this court, captioned: *In re China Commercial Credit, Inc. Securities Litigation*, Case No. 1:15-cv-00557 (the "Securities Class Action").

On August 18, 2015, this Court so ordered an entered an amended stipulation staying the

---

CCCR are together referred to herein as the "Defendants."

Derivative Action for the same duration as the previous stay order.

On June 1, 2017, this Court entered an order a final order and judgment approving a settlement of the Securities Class Action and dismissing it with prejudice.

On September 13, 2017, Defendants CCCR and John Levy filed a letter motion requesting an extension of time to answer or otherwise respond to the amended complaint filed in the Derivative Action, which was joined by Plaintiff, informing the Court that the Settling Parties have been engaged in settlement discussions. On September 15, 2017, this Court entered an order extending Defendants CCCR's and Levy's time to answer.

On November 13, 2017, Defendants CCCR and John Levy filed a letter motion with the Court to file a motion to dismiss the amended complaint filed in the Derivative Action and to schedule a pre-motion conference, or, in the alternative, to stay the Derivative Action.

On November 16, 2017, Plaintiff filed with the Court a letter opposing Defendants CCCR's and Levy's bases for dismissing or staying the Derivative Action.

On January 12, 2018, the Court entered an order setting a pre-motion conference for January 22, 2018.

At the pre-motion conference, as well as in status reports filed regularly thereafter, the Settling Parties informed the Court that they were engaged in settlement discussions and sought additional time to consummate the settlement, which time the Court granted.

The Settling Parties filed a joint status report on November 20, 2018, informing the Court that a settlement of the Derivative Action was reached in principle, and requesting thirty (30) days to draft and execute the Stipulation, which time the Court granted.

### C.  Settlement Negotiations

The Settling Parties began settlement negotiations during 2016, but reached an impasse. Settlement negotiations began again in 2017.

On January 18, 2018, Plaintiff's Counsel (as defined below) sent a corporate governance reforms proposal to Settling Defendants' Counsel (as defined below) for the Company to implement in order to settle the Derivative Action.

Plaintiff's Counsel and Settling Defendants' Counsel thereafter negotiated at arm's length the terms of a settlement via numerous telephonic conferences and written communications.

On November 14, 2018, the Settling Parties reached an agreement in principle to settle the Derivative Action on the terms reflected in this Stipulation (the "Settlement"). As consideration for the Settlement, CCCR will institute certain corporate governance reforms, the terms of which are fully set forth in Exhibit A attached hereto (the "Reforms"), and maintain the Reforms for at least three (3) years. As part of the Settlement, the Settling Defendants agreed to cause their insurer to pay eighty-two thousand and five hundred dollars ($82,500.00) to Plaintiff's Counsel for their attorneys' fees and expenses (the "Fee and Expense Award"), in light of the substantial benefit that will be conferred upon the Company and its stockholders by the Reforms as a result of the settlement of the Derivative Action.

The independent directors of the Board, in exercising their business judgment, approved the Settlement and each of its terms, as set forth in this Stipulation, as in the best interest of CCCR.

## II.   PLAINTIFF'S COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFF'S CLAIMS, AND THE SUBSTANTIAL BENEFIT OF SETTLEMENT

Plaintiff's Counsel conducted an investigation relating to the claims and the underlying events alleged in the Derivative Action, including, but not limited to: (1) reviewing and analyzing the Company's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing and analyzing the allegations contained in the

Securities Class Action; (3) researching and drafting the initial and amended shareholder derivative complaints in the Derivative Action; (4) researching the applicable law with respect to the claims in the Derivative Action and the potential defenses thereto; (5) researching corporate governance issues; (6) preparing corporate governance reforms proposals; and (7) engaging in extensive settlement discussions with Settling Defendants' Counsel.

Plaintiff's Counsel believe that the claims asserted in the Derivative Action have merit and that their investigation supports the claims asserted. Without conceding the merit of any of Defendants' defenses or the lack of merit of any of his own allegations, and in light of the substantial benefit of the Settlement, as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trials and appeals, Plaintiff has concluded that it is desirable that the Derivative Action be fully and finally settled in the manner, and upon the terms and conditions, set forth in this Stipulation. Plaintiff and Plaintiff's Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Derivative Action against the Individual Defendants through trials and possible appeals. Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Derivative Action, as well as the difficulties and delays inherent in such litigation. Based on their evaluation, and in light of the substantial benefit conferred upon the Company and its stockholders as a result of the Settlement, Plaintiff and Plaintiff's Counsel have determined that the Settlement is in the best interests of Plaintiff, CCCR, and Current CCCR Stockholders (as defined below), and have agreed to settle the Derivative Action upon the terms, and subject to the conditions, set forth herein.

III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

5

The Settling Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiff in the Derivative Action and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times.  Further, the Settling Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Derivative Action and deny that they have ever committed or attempted to commit any violations of law, any breach of fiduciary duty owed to CCCR or its stockholders, or any wrongdoing whatsoever.  Had the terms of this Stipulation not been reached, the Settling Defendants would have continued to contest vigorously Plaintiff's allegations, and the Settling Defendants maintain that they had and have meritorious defenses to all claims alleged in the Derivative Action.  Yet, CCCR acknowledges and agrees that the Reforms confer a substantial benefit to the Company and its stockholders.  Without admitting the validity of any of the claims that Plaintiff has asserted in the Derivative Action, or any liability with respect thereto, the Settling Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiff, derivatively on behalf of CCCR, the Settling Defendants, and CCCR, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to approval by the Court, in consideration of the substantial benefit flowing to the Settling Parties, the Derivative Action and all of the Released Claims (as defined below) shall be fully, finally, and forever satisfied, compromised, settled, released, discharged, and dismissed with prejudice, upon the terms and subject to the conditions set forth herein as follows:

1. **Definitions**

As used in this Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definitions set forth below shall control.

1.1    "Board" means the CCCR Board of Directors.

1.2    "CCCR" or the "Company" means nominal defendant China Commercial Credit, Inc. and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.3    "Claims" means, collectively, any and all claims, rights, demands, causes of action or liabilities of any kind, nature and character (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured.

1.4    "Court" means the United States District Court for the Southern District of New York.

1.5    "Current CCCR Stockholders" means, for purposes of this Stipulation, any Persons who own CCCR common stock as of the date of this Stipulation and who continue to hold their CCCR common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of CCCR, members of their immediate families, and their legal representatives, heirs, successors, or

assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.6   "Defendants" means, collectively, the Individual Defendants and nominal defendant CCCR.

1.7   "Defendants' Released Claims" means all Claims that could be asserted in any forum by the Released Persons against Plaintiff, and Plaintiff's Counsel, CCCR, and all Current CCCR Stockholders (solely in their capacity as CCCR stockholders) (including known and unknown Claims brought directly), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Action or the Released Claims; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of this Settlement.

1.8   "Derivative Action" means the shareholder derivative action pending in this Court, captioned *Kodali v. Qin, et al.*, Case No. 1:15-cv-00806.

1.9   "Effective Date" means the first date by which all of the events and conditions specified in Section IV, ¶ 6.1 herein have been met and have occurred.

1.10   "Fee and Expense Award" means the sum to be paid to Plaintiff's Counsel for their attorneys' fees and expenses, as detailed in Section IV, ¶¶ 5.1-5.2 herein, subject to approval by the Court.

1.11   "Final" means the time when an order or judgment that has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage, without action, of time for

8

seeking appellate or writ review.  More specifically, it is that situation when (1) either no appeal or petition for review by writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed in the Derivative Action; or (2) an appeal has been filed and the court of appeals has either affirmed the order or judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review, and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the order or judgment or dismissing the appeal or writ proceeding.

1.12    "Individual Defendants" means, collectively, Huichun Qin, Long Yi, Jianmin Yin, Jingen Ling, Xiangdong Xiao, John F. Levy, Xiaofang Shen, and Chunjiang Yu.

1.13    "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.14    "Notice to Current CCCR Stockholders" or "Notice" means the notice to Current CCCR Stockholders of the Settlement, substantially in the form of Exhibit B attached hereto.

1.15    "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, administrators, parents, subsidiaries, affiliates, representatives, or assignees.

1.16   "Plaintiff" means Kiran Kodali.

1.17   "Plaintiff's Counsel" means, collectively: (1) The Rosen Law Firm, P.A., 275
Madison Avenue, 34th Floor, New York, New York 10016; and (2) The Brown
Law Firm, P.C., 240 Townsend Square, Oyster Bay, New York 11771.

1.18   "Preliminary Approval Order" means the order to be entered by the Court,
substantially in the form of Exhibit C attached hereto, that, *inter alia*, preliminarily
approves the terms and conditions of the Settlement as set forth in this Stipulation,
directs that the Notice be provided to Current CCCR Stockholders, and schedules
the Settlement Hearing in order to consider whether the Settlement and Fee and
Expense Award should be finally approved.

1.19   "Related Persons" means each and all of a Person's past, present, or future family
members, spouses, domestic partners, parents, associates, affiliates, subsidiaries,
officers, directors, stockholders, owners, members, representatives, employees,
attorneys, financial or investment advisors, consultants, underwriters, investment
banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, co-
insurers, advisors, principals, agents, heirs, executors, trustees, estates,
beneficiaries, distributees, foundations, general or limited partners or partnerships,
joint ventures, personal or legal representatives, administrators, or any other person
or entity acting or purporting to act for or on behalf of any Person, and each of their
respective predecessors, successors, and assigns.

1.20   "Released Claims" means all Claims, including known and Unknown Claims,
against any of the Released Persons that (i) were asserted or could have been
asserted derivatively in the Derivative Action; (ii) would have been barred by *res*

*judicata* had the Derivative Action been fully litigated to final judgment; or (iii) that could have been, or could in the future be, asserted derivatively in any forum or proceeding or otherwise against any of the Released Persons that concern, arise out of or relate in any way to any of the subject matters, allegations, transactions, facts, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the operative complaint in the Derivative Action; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of this Settlement.

1.21    "Released Person(s)" means, collectively, each and all of the Defendants and their Related Persons.

1.22    "Securities Class Action" means the federal securities class action filed in this Court, captioned *In Re China Commercial Credit, Inc. Securities Litigation*, Case No. 1:15-cv-00557.

1.23    "Settlement" means the settlement of the Derivative Action as documented in this Stipulation.

1.24    "Settling Defendants" means, collectively, Long Yi, John F. Levy, and nominal defendant CCCR.

1.25    "Settling Defendants' Counsel" means Hunter Taubman Fischer & Li LLC, 2 Alhambra Plaza, Suite 650, Coral Gables, Florida 33134.

1.26    "Settlement Hearing" means the hearing by the Court to review the adequacy, fairness, and reasonableness of the Settlement set forth in this Stipulation and to determine: (i) whether to enter the Judgment; and (ii) all other matters properly before the Court.

11

1.27    "Settling Parties" means, collectively, Plaintiff (derivatively on behalf of CCCR) and each of the Settling Defendants.

1.28    "Stipulation" means this Stipulation and Agreement of Settlement, dated January 18, 2019.

1.29    "Unknown claims" means any Claims that Plaintiff, CCCR or any Current CCCR Stockholder (claiming in the right of, or on behalf of, the Company) does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. Unknown Claims include those Claims in which some or all of the facts comprising the Claim may be unsuspected, or even undisclosed or hidden. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and every Current CCCR Stockholder shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Settling Parties shall expressly waive, and every Current CCCR Stockholder and every Individual Defendant who is not a Settling Defendant shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.  Plaintiff, CCCR, and any Current CCCR Stockholders may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties shall expressly have, and every Current CCCR Stockholder shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and every Current CCCR Stockholder and every Individual Defendant who is not a Settling Defendant shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

**2.  Terms of the Settlement**

2.1    The benefit of the Settlement consists of the Reforms, the terms of which are fully set forth in Exhibit A attached hereto.  CCCR acknowledges and agrees that the Reforms confer a substantial benefit to CCCR and its stockholders.  The Company also acknowledges and agrees

that the filing, prosecution, and settlement of the Derivative Action was a precipitating and material factor in the Company's decision to adopt, implement, and maintain the Reforms.

2.2    CCCR shall adopt the Reforms no later than sixty (60) days from the date that the Court enters the Judgment and shall maintain the Reforms for at least three (3) years from the date that the Court enters the Judgment.

### 3.  Procedure for Implementing the Settlement

3.1    Promptly after execution of this Stipulation, Plaintiff shall submit this Stipulation, together with its exhibits, to the Court and apply for entry of the Preliminary Approval Order in this Court, substantially in the form of Exhibit C attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of the proposed Settlement to Current CCCR Stockholders; (iii) approval of the form of notice substantially in the form of Exhibit B attached hereto; and (iv) a date for the Settlement Hearing.

3.2    CCCR shall undertake the administrative responsibility for giving notice of the Settlement to Current CCCR Stockholders in the manner set forth in this paragraph.  CCCR shall be solely responsible for paying the costs and expenses related to providing such Notice or any notice that is required by the Court.  Within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, CCCR shall post the Notice, together with the Stipulation, on the investor relations portion of CCCR's corporate website, and CCCR shall issue the Notice as a press release on GlobeNewswire and file the Notice with the SEC on Form 8-K, with the Notice containing a link to the webpage on the investor relations portion of CCCR's corporate website on which the Notice and Stipulation are posted.  The Settling Parties believe the content of the Notice

14

and the manner of the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Current CCCR Stockholders pursuant to applicable law and due process.

3.3     Plaintiff shall request that the Court hold the Settlement Hearing at least forty-five (45) calendar days after the deadline to provide notice of the Settlement described in Section IV, ¶ 3.2 above to Current CCCR Stockholders to approve the Settlement and the Fee and Expense Award.

3.4     Pending the Court's determination as to final approval of the Settlement, Plaintiff and Plaintiff's Counsel, and any Current CCCR Stockholders, derivatively on behalf of CCCR, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons in any court or tribunal.

4.     **Releases**

4.1     Upon the Effective Date, CCCR, Plaintiff, and each of CCCR's current stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons.  CCCR, Plaintiff, and each of CCCR's current stockholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

4.2     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

15

discharged each and all of Plaintiff and his beneficiaries, Plaintiff's Counsel, CCCR, and all current CCCR stockholders (solely in their capacity as CCCR stockholders) from any and all Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiff or his beneficiaries, Plaintiff's Counsel, CCCR, or any current CCCR stockholders (solely in their capacity as CCCR stockholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against all of Plaintiff and his beneficiaries, Plaintiff's Counsel, CCCR, and all current CCCR stockholders (solely in their capacity as CCCR stockholders) except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

4.3     Nothing herein shall in any way release, waive, impair, or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

**5.  Plaintiff's Counsel's Attorneys' Fees and Expenses**

5.1     In recognition of the substantial benefit provided to CCCR and Current CCCR Stockholders due to the Reforms as a result of the Settlement, the Settling Defendants shall cause their insurer to pay to Plaintiff's Counsel the Fee and Expense Award in the amount of eighty-two thousand and five hundred dollars ($82,500.00), subject to the Court's approval. Such Fee and Expense Award shall cover all fees and expenses for all Plaintiff's Counsel in the Derivative Action. The Settling Parties agree that the Fee and Expense Award is fair and reasonable in light of the substantial benefit conferred upon CCCR and Current CCCR Stockholders by the Reforms.

5.2     The Settling Defendants shall cause their insurer to pay the Fee and Expense Award to Plaintiff's Counsel's escrow account (the "Escrow Account") within thirty (30) calendar days of the Court's entering the Preliminary Approval Order, and the Settling Defendants' insurer shall

cause such payment to be made via wire transfer to the Escrow Account.  Plaintiff's Counsel shall provide Settling Defendants' Counsel, within five (5) calendar days after entry of the Preliminary Approval Order, all necessary payment details to accomplish payment of the Fee and Expense Award to the Escrow Account, including an executed Form W-9.  Settling Defendants' Counsel shall have no responsibility for, nor bear any risk or liability with respect to, the Escrow Account, its operation, and any taxes or expenses incurred in connection with the Escrow Account.  Plaintiff's Counsel shall be solely responsible for any administrative costs associated with the Escrow Account as well as the filing of all informational and other tax returns with the Internal Revenue Service, or any other state or local taxing authority, as may be necessary or appropriate.

5.3     The Fee and Expense Award shall remain in the Escrow Account until the entry of an order approving the Fee and Expense Award, at which time the Fee and Expense Award shall be immediately releasable to Plaintiff's Counsel, notwithstanding the existence of any timely filed objections thereto or potential for appeal therefrom, or collateral attack on the settlement or any part thereof.  Should the Court order the payment of attorneys' fees and expenses to Plaintiff's Counsel in an amount less than the agreed Fee and Expense Award prior to, or at the time of, entry of the Judgment, then only the Court-approved amount shall be released to Plaintiff's Counsel.  Any amounts remaining in the Escrow Account shall be returned to the Settling Defendants' insurer within twenty (20) calendar days of entry of the Judgment or a final judgment after any appeal is concluded.

5.4     Payment of the Fee and Expense Award in the amount approved by the Court shall constitute final and complete payment for Plaintiff's Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Derivative Action and the resolution of the claims alleged therein.  Settling Defendants and

Settling Defendants' Counsel shall have no responsibility for the allocation or distribution of the Fee and Expense Award amongst Plaintiff's Counsel.  Settling Defendants, including CCCR, shall have no obligation to make any payment to any Plaintiff's Counsel other than the payment to the Escrow Account provided in Section IV, ¶¶ 5.1-5.2 herein.

5.5     If for any reason any condition in Section IV, ¶ 6.1 is not met and the Effective Date of the Stipulation does not occur, if the Stipulation is in any way cancelled or terminated, or if the Judgment is reversed on appeal, then each of Plaintiff's Counsel and their successors shall be obligated to repay, within twenty (20) calendar days after written notification of such an event, the amount of the Fee and Expense Award paid by the Settling Defendants' insurer that they received.  In the event of any failure to obtain final approval of the full amount of the Fee and Expense Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Judgment or the Fee and Expense Award being overturned or substantially modified, each of Plaintiff's Counsel and their successors shall be obligated to repay, within twenty (20) calendar days, the portion of the Fee and Expense Award paid by the Settling Defendants' insurer that they received and that was ultimately not awarded to Plaintiff's Counsel.

5.6     Except as otherwise provided herein, each of the Settling Parties shall bear his, her, or its own costs and attorneys' fees.

5.7     In light of the substantial benefit Plaintiff has helped to create for all Current CCCR Stockholders, Plaintiff shall apply for a Court-approved service award in the amount of one thousand dollars ($1,000.00) (the "Service Award"), which the Settling Defendants shall not object to.  The Service Award to Plaintiff, to the extent that it is approved, shall be funded from the Fee and Expense Award.

6.  **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

    (i)  the entry of the Preliminary Approval Order;

    (ii)  the Court's entry of the Judgment;

    (iii)  the payment of the Fee and Expense Award in accordance with Section IV, ¶¶ 5.1-5.2 herein; and

    (iv)  the Judgment has become Final.

6.2     If any of the conditions specified in Section IV, ¶ 6.1 are not met, then the Stipulation shall be cancelled and terminated subject to Section IV, ¶ 6.4, and the Plaintiff and the Defendants shall be restored to their respective positions in the Derivative Action as of the date immediately preceding the date of this Stipulation unless Plaintiff's Counsel and Settling Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6.3     Each of the Settling Parties shall have the right to terminate the Settlement by providing written notice of their election to do so to all other Settling Parties within twenty (20) calendar days of the date on which: (i) the Court refuses to approve this Stipulation, or the terms contained herein, in any material respect; (ii) the Preliminary Approval Order is not entered in substantially the form attached as Exhibit C hereto; (iii) the Judgment is not entered in substantially the form attached as Exhibit D hereto; (iv) the Judgment is reversed or substantially modified on appeal, reconsideration, or otherwise; (v) the payment of the Fee and Expense Award in accordance with Section IV, ¶¶ 5.1-5.2 herein is not made; or (vi) the Effective Date of the Settlement cannot otherwise occur; except that such termination shall not be effective unless and until the terminating Settling Party has, within twenty (20) calendar days of the date on which

19

notice of the termination event has been provided to all other Settling Parties, attempted in good faith to confer with the other Settling Parties to attempt to remedy the issue. Any order or proceeding relating to the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to cancel the Stipulation, allow for the termination of the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

6.4     In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, including pursuant to Section IV, ¶ 6.3 above, the Plaintiff and the Defendants shall be restored to their respective positions as of the date immediately preceding the date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, with the exception of Section IV, ¶¶ 1.1-1.29, 5.5, 6.4, 8.5-8.20 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**7.   Bankruptcy**

7.1     In the event any proceedings by or on behalf of CCCR, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Settling Parties agree to use their reasonable best efforts to obtain all necessary orders,

consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2      In the event of any Bankruptcy Proceedings by or on behalf of CCCR, the Settling Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the bankruptcy court to carry out the terms and conditions of the Stipulation.

**8.   Miscellaneous Provision**

8.1      The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2      Any planned, proposed or actual sale, merger or change-in-control of CCCR shall not void this Stipulation.  The Stipulation shall run to the Settling Parties' respective successors-in-interest.  In the event of a planned, proposed or actual sale, merger or change-in-control of CCCR, the Settling Parties shall continue to seek court approval of the Settlement expeditiously, including, but not limited to, the Settlement terms reflected in this Stipulation and the Fee and Expense Award.

8.3      The Settling Parties agree that the terms of the Settlement were negotiated in good faith and at arm's-length by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. The Settling Parties shall not take the position that the litigation was brought or defended in bad faith.  The Settling Parties and their respective counsel agree that, throughout the course of the litigation, all Settling Parties and their counsel complied with Rule 11 of the Federal Rules of Civil

21

Procedure in connection with the maintenance, prosecution, defense, and settlement of the Derivative Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in the Derivative Action.

8.4     While maintaining their positions that the claims and defenses asserted in the Derivative Action are meritorious, Plaintiff and Plaintiff's Counsel, on the one hand, and the Settling Defendants and Settling Defendants' Counsel, on the other, shall not make any public statements or statements to the media (whether or not for attribution) that disparage the other's business, conduct, or reputation, or that of their counsel, based on the subject matter of the Derivative Action.  Notwithstanding the foregoing, each of the Settling Parties reserves their right to rebut, in a manner that such party determines to be reasonable and appropriate, any contention made in any public forum that the Derivative Action was brought or defended in bad faith or without a reasonable basis.

8.5     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including any exhibits attached hereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

22

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiff as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

8.6     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

8.7     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest.  After prior notice to the Court, but without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

8.9     This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Settling Parties with respect to the Derivative Action, constitute the entire agreement among the Settling Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

8.10    The waiver by one party of any breach of the Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of the Settlement.  The provisions of the Settlement may not be waived except by a writing signed by the affected party, or counsel for that party.

8.11    The headings in the Stipulation and its exhibits are used for the purpose of convenience only and are not meant to have legal effect.

8.12    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.

8.13    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.   No representations, warranties, or

24

inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.14    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.15    All agreements made and orders entered during the course of the Derivative Action relating to the confidentiality of information and documents shall survive this Stipulation.

8.16    Nothing in this Stipulation, or the negotiations or proceedings relating to the Settlement, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, the accountants' privilege, or work product immunity; further, all information and documents transmitted between Plaintiff's Counsel and Settling Defendants' Counsel in connection with the Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or forum.

8.17    The Settling Parties intend that the Court retain jurisdiction for the purpose of effectuating and enforcing the terms of the Settlement.

8.18    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and their Related Persons.

8.19    Any notice required by this Stipulation shall be submitted by overnight mail and e-mail to each of the signatories below.

8.20    The Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of January 18, 2019.

Dated: January 18, 2019

**THE BROWN LAW FIRM, P.C.**

Timothy Brown
240 Townsend Square
Oyster Bay, New York 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for Plaintiff*

Dated: January 18, 2019

**HUNTER TAUBMAN FISCHER & LI LLC**

Mark David Hunter
Jenny Johnson-Sardella
2 Alhambra Plaza, Suite 650
Coral Gables, Florida 33134
Telephone: (305) 629-1180
Facsimile: (305) 629-8099
Email: mhunter@htflawyers.com
Email: jsardella@htflawyers.com

*Counsel for Settling Defendants*

27

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., | Case No. 1:15-cv-00806-ALC |
| Plaintiff, | |
| v. | |
| HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, | **EXHIBIT A** |
| Defendants, | **CORPORATE GOVERNANCE REFORMS** |
| And | |
| CHINA COMMERCIAL CREDIT, INC., | |
| Nominal Defendant. | |

Within sixty (60) days of issuance of an order approving the settlement of the above-captioned action by the United States District Court for the Southern District of New York, China Commercial Credit, Inc.'s ("CCCR," or the "Company") Board of Directors (the "Board") shall adopt resolutions and amend committee Charters and/or its Bylaws to ensure adherence to the following corporate governance reforms, which shall remain in effect for no less than three (3) years.

**Creation of Risk Committee**

CCCR shall adopt a resolution formally designating its Audit Committee to act concomitantly as a Risk Committee. The Risk Committee's duties shall specifically include:

- Meeting at least twice annually, in executive sessions at which management directors are not present;

- Monitoring the Company and employee compliance with all risk assessment and reporting procedures;

- Identifying material risks relating to the Company's internal controls, as well as relevant considerations relating to CCCR's disclosures of these risks; and

- Monitoring the below-referenced Director Training.

Additionally, the Risk Committee shall have the authority to retain separate and independent advisors or counsel to aid in fulfilling its responsibilities, the retention of which shall be at the Company's expense.

## Director Training

CCCR will provide a mandatory training session at least once per year to the Board as part of a regularly scheduled meeting of the Board. The training will be conducted by the Company's outside counsel and cover the following topics: (i) corporate governance; (ii) risk assessment; and (iii) public company reporting. The training will be designed to provide the directors with a general understanding of the standards governing the Company's public disclosure obligations, including rules and regulations of the Securities and Exchange Commission and the concept of "materiality" and how to apply it, the Sarbanes Oxley Act, U.S. Generally Accepted Accounting Principles ("GAAP"), corporate governance, assessment of risk, and compliance auditing.

Additionally, the Company shall require that each member of the Board annually attend twelve (12) hours of continuing education programs designed for directors of publicly-traded companies. Such training shall include coverage of compliance with GAAP, the Sarbanes Oxley Act, corporate governance, assessment of risk, compliance auditing, and reporting requirements

for publicly-traded corporations.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., | Case No. 1:15-cv-00806-ALC |
| Plaintiff, | |
| v. | **EXHIBIT B** |
| HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, | **NOTICE TO CURRENT CCCR STOCKHOLDERS** |
| Defendants, | |
| And | |
| CHINA COMMERCIAL CREDIT, INC., | |
| Nominal Defendant. | |

### NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION

TO:   **ALL OWNERS OF CHINA COMMERCIAL CREDIT, INC. ("CCCR" OR THE "COMPANY") COMMON STOCK (TICKER SYMBOL: GLG) AS OF JANUARY 18, 2019, WHO CONTINUE TO OWN SUCH SHARES ("CURRENT CCCR STOCKHOLDERS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.

IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE DERIVATIVE ACTION, STOCKHOLDERS OF CCCR WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING RELEASED CLAIMS.

THIS ACTION IS NOT A "CLASS ACTION." THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.

PLEASE TAKE NOTICE that this action is being settled on the terms in a Stipulation and Agreement of Settlement, dated January 18, 2019 (the "Stipulation").  The purpose of this Notice is to inform you of:

- the existence of this derivative action,
- the proposed settlement between the Plaintiff[1] and the Settling Defendants reached in the Derivative Action (the "Settlement"),
- the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement,
- Plaintiff's Counsel's application for fees and expenses, and
- Plaintiff's Service Award.

This Notice describes what steps you may take in relation to the Settlement.  This Notice is not an expression of any opinion by the Court about the truth or merits of Plaintiff's claims or the Settling Defendants' defenses.  This Notice is solely to advise you of the proposed Settlement of the Derivative Action and of your rights in connection with the proposed Settlement.

<u>Summary</u>

On January 18, 2019, Plaintiff, CCCR, in its capacity as a nominal defendant, and defendants Long Yi, CCCR's Chief Financial Officer and a current member of CCCR's Board of Directors and John F. Levy, a former member of the Board entered into the Stipulation in the above-captioned action filed derivatively on behalf of CCCR, in the United States District Court for the Southern District of New York (the "Court") against the Individual Defendants (the "Derivative Action"). The Settlement, as documented in the Stipulation, subject to the approval of the Court, is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims and to result in the dismissal of the Derivative Action with prejudice, upon the terms and subject to the conditions set forth in the Stipulation.  The proposed Settlement requires the Company to adopt certain corporate governance measures and procedures, as outlined in Exhibit A to the Stipulation, and provides that the Settling Defendants shall cause their insurer to pay a Fee and Expense Award to Plaintiff's Counsel of eighty-two thousand and five hundred dollars ($82,500.00) and a Service Award to Plaintiff of one thousand dollars ($1,000.00), to be paid from the Fee and Expense Award.

This notice is a summary only and does not describe all of the details of the Stipulation. For full details of the matters discussed in this summary, please see the full Stipulation posted on the Company's website, _____, contact Plaintiff's Counsel at the address listed below, or inspect the full Stipulation filed with the Clerk of the Court.

<u>What is the Lawsuit About?</u>

The Derivative Action is brought derivatively on behalf of CCCR and alleges that the Individual Defendants breached their fiduciary duties by failing to maintain internal controls at InfuSystem and making and/or causing CCCR to make false and misleading statements of material fact to the investing public.

---

[1] All capitalized terms used in this notice, unless otherwise defined herein, are defined as set forth in the Stipulation.

Why is there a Settlement?

      The Court has not decided in favor of the Settling Defendants or the Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and because the Settlement, including the corporate governance reforms that the Company will adopt as part of the Settlement, provides a substantial benefit to, and is in the best interests of, CCCR and its stockholders.

      The Settling Defendants deny each and every allegation of wrongdoing or liability arising out of or relating in any way to the events, conduct, statements, acts, or omissions alleged in the Derivative Action.  The Settling Defendants further assert that, at all times, they acted in good faith, and in a manner they reasonably believed to be and that was in the best interests of CCCR and CCCR's stockholders.  The Settling Defendants assert that they have meritorious defenses to the claims in the Derivative Action. Nonetheless, the Settling Defendants have entered into the Stipulation, without admitting or conceding any fault, liability, wrongdoing, or damage whatsoever, in order to avoid the risks inherent in any lawsuit and the burden and expense of further litigation.

The Settlement Hearing and Your Right to Object to the Settlement

      On _____, 2019, the Court entered an order preliminarily approving the Stipulation and the Settlement contemplated therein (the "Preliminary Approval Order") and providing for the notice of the Settlement to be made to Current CCCR stockholders. The Preliminary Approval Order further provides that the Court will hold a hearing (the "Settlement Hearing") on _____ __, 2019 at __:__ __.m. before the Honorable Andrew L. Carter, Jr., U.S. District Court, Southern District of New York, Courtroom 1306, located at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to among other things: (i) determine whether the proposed Settlement is fair, reasonable and adequate and in the best interests of the Company and its stockholders; (ii) consider any objections to the Settlement submitted in accordance with this Notice; (iii) determine whether a judgment should be entered dismissing all claims in the Derivative Action with prejudice, and releasing the Released Claims against the Released Persons; (iv) consider the agreed-to Fee and Expense Award to Plaintiff's Counsel of attorneys' fees and the reimbursement of expenses; (v) consider the Service Award to Plaintiff, which shall be funded from the Fee and Expense Award; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

      Any Current CCCR Stockholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement as set forth in the Stipulation, or to the proposed award of attorneys' fees and expenses, may file a with the Court a written objection.  An objector must at least fourteen (14) calendar days prior to the Settlement Hearing: (1) file with the Clerk of the Court and serve upon the below listed counsel a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of CCCR common stock as of Janauary 18, 2019 and through the date of the Settlement Hearing, including the number of shares of CCCR common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if intending to appear and requesting to be heard at the Settlement Hearing, he, she, or it must, in addition to

the requirements of (1) above, file with the Clerk of the Court and serve on the below counsel (a) a written notice of his, her, or its intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses he, she, or it intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall be foreclosed from raising any objection to the Settlement and shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

*IF YOU MAKE A WRITTEN OBJECTION, IT MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____ __, 2019.*  The Clerk's address is:

Clerk of the Court
U.S. DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK
Courtroom 1306
40 Foley Square
New York, NY 10007

*YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO PLAINTIFF'S COUNSEL AND DEFENDANTS' COUNSEL SO THEY ARE RECEIVED NO LATER THAN _____ __, 2019.*  Counsels' addresses are:

**Counsel for Plaintiff:**
Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771

**Counsel for the Settling Defendants:**
Mark David Hunter
HUNTER TAUBMAN FISCHER & LI LLC
2 Alhambra Plaza, Suite 650
Coral Gables, FL 33134

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection, the attorney must serve a notice of appearance on the counsel listed above and file such notice with the Court no later than fourteen (14) calendar days before the Settlement Hearing.  Any CCCR stockholder who does not timely file and serve a written objection complying with the above terms shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

Any objector who files and serves a timely, written objection in accordance with the instructions above, may appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Settlement Hearing, however, in order to have their objections considered by the Court.

4

If you are a Current CCCR Stockholder and do not take steps to appear in this action and object to the proposed Settlement, you will be bound by the Judgment of the Court and will forever be barred from raising an objection to such settlement in this or any other action or proceeding, and from pursuing any of the Released Claims.

If you held CCCR common stock as of January 18, 2019 and continue to hold such stock, you may have certain rights in connection with the proposed Settlement.  You may obtain further information by contacting counsel for Plaintiff at: Timothy Brown, The Brown Law Firm, P.C., 240 Townsend Square, Oyster Bay, NY 11771, Telephone: (516) 922-5427, Email: tbrown@thebrownlawfirm.net.  **Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., | Case No. 1:15-cv-00806-ALC |
| Plaintiff, | |
| v. | **EXHIBIT C** |
| HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, | **[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |
| Defendants, | |
| And | |
| CHINA COMMERCIAL CREDIT, INC., | |
| Nominal Defendant. | |

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Derivative Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated January 18, 2019 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Derivative Action; and (ii) approving the form and content of the Notice to Current CCCR Stockholders, substantially in the form of Exhibit B attached to the Stipulation;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2.      A hearing shall be held before this Court (the "Settlement Hearing") on _____ __, 2019 at __:__ _.m.,[1] at the United States District Court for the Southern District of New York, the Honorable Andrew L. Carter, Jr., Courtroom 1306, located at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to CCCR and Current CCCR Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiff's Counsel's Fee and Expense Award and Plaintiff's Service Award should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.      The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through a press release, filing the Notice with the

---

[1] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current CCCR Stockholders.

SEC, and posting the Notice together with the Stipulation on CCCR's website substantially in the manner and form set forth in this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current CCCR Stockholders and all other Persons entitled thereto.

4.      Not later than ten (10) calendar days following entry of this Order, CCCR shall cause the Notice to be filed with the SEC along with an SEC Form 8-K, CCCR shall publish the Notice in a press release on GlobeNewswire, and CCCR shall post the Notice and Stipulation on the investor relations portion of CCCR's website.  The Notice shall contain an internet link to the webpage on the investor relations portion of CCCR's corporate website on which the Notice and Stipulation are posted.

5.      All costs incurred in providing the Notice shall be paid by CCCR, and CCCR shall undertake all administrative responsibility for such issuing and filing.

6.      All papers in support of the Settlement and the Fee and Expense Award, including any Service Award, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

7.      Any Current CCCR Stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Award and the Service Award, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current CCCR Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award and the Service Award, unless that

stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with

the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the

objection; (b) proof of ownership of CCCR common stock as of the date of the Stipulation and

through the date of the Settlement Hearing, including the number of shares of CCCR common

stock held and the date of purchase; (c) any and all documentation or evidence in support of such

objection; and (d) the identities of any cases, by name, court, and docket number, in which the

stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if

a Current CCCR Stockholder intends to appear and requests to be heard at the Settlement Hearing,

such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of

the Court (a) a written notice of such stockholder's intention to appear at the Settlement Hearing;

(b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the

stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their

testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a

Current CCCR Stockholder files a written objection and/or written notice of intent to appear, such

stockholder must also serve copies of such notice, proof, statement, and documentation, together

with copies of any other papers or briefs such stockholder files with the Court (either by hand

delivery or by first class mail) at least fourteen (14) calendar days prior to the Settlement Hearing

upon each of the following:

<table>
<tr><td>Timothy Brown</td><td>Mark David Hunter</td></tr>
<tr><td>THE BROWN LAW FIRM, P.C.</td><td>HUNTER TAUBMAN FISCHER & LI LLC</td></tr>
<tr><td>240 Townsend Square</td><td>2 Alhambra Plaza, Suite 650</td></tr>
<tr><td>Oyster Bay, NY 11771</td><td>Coral Gables, FL 33134</td></tr>
<tr><td>*Counsel for Plaintiff*</td><td>*Counsel for Settling Defendants*</td></tr>
</table>

Any Current CCCR Stockholder who does not make his, her, or its objection in the manner

provided herein shall be deemed to have waived such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award and the Service Award, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

8.     At least ten (10) calendar days prior to the Settlement Hearing, Settling Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance and filing of the notice of the Settlement pursuant to the terms of this Order.

9.     All Current CCCR Stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current CCCR Stockholders.

10.     All proceedings in this Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order.  This Court retains exclusive jurisdiction over this Derivative Action to consider all further matters arising out of or connected with the Settlement.

11.     Pending final determination of whether the Settlement should be approved, neither Plaintiff, Plaintiff's Counsel, nor any Current CCCR Stockholders or other Persons, derivatively on behalf of CCCR, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12.     The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiff as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

13.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any

purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14.     If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation.

15.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current CCCR Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current CCCR Stockholders.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE ANDREW L. CARTER, JR.
U.S. DISTRICT COURT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., | Case No. 1:15-cv-00806-ALC |
| Plaintiff, | |
| v. | |
| | **EXHIBIT D** |
| HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| Defendants, | |
| And | |
| CHINA COMMERCIAL CREDIT, INC., | |
| Nominal Defendant. | |

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated _____ __, 2019 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated January 18, 2019 (the "Stipulation"). Due and adequate notice having been given to Current CCCR Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1

1.     This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.     This Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties and Current CCCR Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4.     The Derivative Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.     Upon the Effective Date, CCCR, Plaintiff, and each of CCCR's current stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.  CCCR, Plaintiff and each of CCCR's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiff and his beneficiaries, Plaintiff's Counsel, CCCR, and any current CCCR stockholders (solely in their capacity as CCCR stockholders) from Defendants' Released Claims.  The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiff or his beneficiaries, Plaintiff's Counsel, or CCCR, or any current CCCR stockholders (solely in their capacity as CCCR stockholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiff and his beneficiaries, Plaintiff's Counsel, CCCR, and all current CCCR stockholders (solely in their capacity as CCCR stockholders).  Nor shall the foregoing in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.     The Court finds that the notice of the Settlement to Current CCCR Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process.

8.     The Court finds that during the course of the Derivative Action, the Settling Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure.

9.     The Court finds that the Fee and Expense Award in the amount of eighty-two thousand and five hundred dollars ($82,500.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award.

10.     The Court finds that the Service Award to Plaintiff in the amount of one thousand dollars ($1,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Service Award, to be paid by Plaintiff's Counsel from the Fee and Expense Award.

11.     This Judgment, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

4

(d) shall not be offered, received, or used in any way against Plaintiff as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

12.     This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement.  However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14.     This Judgment is a final judgment and should be entered forthwith by the Clerk dismissing the Derivative Action with prejudice.

IT IS SO ORDERED.

DATED:

_____
HONORABLE ANDREW L. CARTER, JR.
U.S. DISTRICT COURT JUDGE