USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/4/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU, <br><br> Defendants, <br><br> And <br><br> CHINA COMMERCIAL CREDIT, INC., <br><br> Nominal Defendant. | Case No. 1:15-cv-00806-ALC <br><br><br><br><br><br><br><br> **ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Derivative Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated January 18, 2019 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Derivative Action; and (ii) approving the form and content of the Notice to Current CCCR Stockholders, substantially in the form of Exhibit B attached to the Stipulation;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2. A hearing shall be held before this Court (the "Settlement Hearing") on July 11, 2019 at 11:00 a.m.,[1] at the United States District Court for the Southern District of New York, the Honorable Andrew L. Carter, Jr., Courtroom 1306, located at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to CCCR and Current CCCR Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiff's Counsel's Fee and Expense Award and Plaintiff's Service Award should be finally approved. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3. The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through a press release, filing the Notice with the

---

[1] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current CCCR Stockholders.

SEC, and posting the Notice together with the Stipulation on CCCR's website substantially in the manner and form set forth in this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current CCCR Stockholders and all other Persons entitled thereto.

4. Not later than ten (10) calendar days following entry of this Order, CCCR shall cause the Notice to be filed with the SEC along with an SEC Form 8-K, CCCR shall publish the Notice in a press release on GlobeNewswire, and CCCR shall post the Notice and Stipulation on the investor relations portion of CCCR's website. The Notice shall contain an internet link to the webpage on the investor relations portion of CCCR's corporate website on which the Notice and Stipulation are posted.

5. All costs incurred in providing the Notice shall be paid by CCCR, and CCCR shall undertake all administrative responsibility for such issuing and filing.

6. All papers in support of the Settlement and the Fee and Expense Award, including any Service Award, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

7. Any Current CCCR Stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Award and the Service Award, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current CCCR Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award and the Service Award, unless that

stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of CCCR common stock as of the date of the Stipulation and through the date of the Settlement Hearing, including the number of shares of CCCR common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current CCCR Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current CCCR Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail) at least fourteen (14) calendar days prior to the Settlement Hearing upon each of the following:

|  |  |
|---|---|
| Timothy Brown | Mark David Hunter |
| THE BROWN LAW FIRM, P.C. | HUNTER TAUBMAN FISCHER & LI LLC |
| 240 Townsend Square | 2 Alhambra Plaza, Suite 650 |
| Oyster Bay, NY 11771 | Coral Gables, FL 33134 |
| *Counsel for Plaintiff* | *Counsel for Settling Defendants* |

Any Current CCCR Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award and the Service Award, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

8. At least ten (10) calendar days prior to the Settlement Hearing, Settling Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance and filing of the notice of the Settlement pursuant to the terms of this Order.

9. All Current CCCR Stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current CCCR Stockholders.

10. All proceedings in this Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over this Derivative Action to consider all further matters arising out of or connected with the Settlement.

11. Pending final determination of whether the Settlement should be approved, neither Plaintiff, Plaintiff's Counsel, nor any Current CCCR Stockholders or other Persons, derivatively on behalf of CCCR, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12. The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiff as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any

purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current CCCR Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current CCCR Stockholders.

IT IS SO ORDERED.

DATED: April 4, 2019

HONORABLE ANDREW L. CARTER, JR.
U.S. DISTRICT COURT JUDGE