USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7-11-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRAN KODALI, DERIVATIVELY AND ON BEHALF OF CHINA COMMERCIAL CREDIT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HUICHUN QIN, LONG YI, JIANMIN YIN, JINGEN LING, XIANGDONG XIAO, JOHN F. LEVY, XIAOFANG SHEN, And CHUNJIANG YU,<br><br>Defendants,<br><br>And<br><br>CHINA COMMERCIAL CREDIT, INC.,<br><br>Nominal Defendant. | Case No. 1:15-cv-00806-ALC<br><br><br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated April 4, 2019 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated January 18, 2019 (the "Stipulation"). Due and adequate notice having been given to Current CCCR Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. This Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties and Current CCCR Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Derivative Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, CCCR, Plaintiff, and each of CCCR's current stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons. CCCR, Plaintiff and each of CCCR's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiff and his beneficiaries, Plaintiff's Counsel, CCCR, and any current CCCR stockholders (solely in their capacity as CCCR stockholders) from Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiff or his beneficiaries, Plaintiff's Counsel, or CCCR, or any current CCCR stockholders (solely in their capacity as CCCR stockholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiff and his beneficiaries, Plaintiff's Counsel, CCCR, and all current CCCR stockholders (solely in their capacity as CCCR stockholders). Nor shall the foregoing in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. The Court finds that the notice of the Settlement to Current CCCR Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process.

8. The Court finds that during the course of the Derivative Action, the Settling Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure.

9. The Court finds that the Fee and Expense Award in the amount of eighty-two thousand and five hundred dollars ($82,500.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award.

10. The Court finds that the Service Award to Plaintiff in the amount of one thousand dollars ($1,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Service Award, to be paid by Plaintiff's Counsel from the Fee and Expense Award.

11. This Judgment, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any way against Plaintiff as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiff's claims are without merit or that Plaintiff would not have been able to prevail on his claims at trial.

12. This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14. This Judgment is a final judgment and should be entered forthwith by the Clerk dismissing the Derivative Action with prejudice.

IT IS SO ORDERED.

DATED: July 11, 2019

_____
HONORABLE ANDREW L. CARTER, JR.
U.S. DISTRICT COURT JUDGE